940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRI-CITY TURF CLUB, INC., d/b/a Riverside Downs, Plaintiff-Appellant,
v.
PUBLIC PROTECTION & REGULATION CABINET, Kentucky State
Racing Commission, the Kentucky Harness Racing
Commission, Kentucky Horseman's
Benevolent Protective
Association, Inc., Defendants,
Ellis Race & Entertainment Center, Inc., Defendant-Appellee.
 No. 90-6508.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Tri-City Turf Club, Inc., appeals from the summary judgment granted in favor of defendant, Ellis Race and Entertainment Center, Inc.
 
 
 2
 The parties operated horse racing facilities in Henderson County, Kentucky. Plaintiffs sought injunctive and declaratory relief from the district court, contending that a Kentucky statute allowed its competitor, the defendant, to simulcast races on the days plaintiff conducts live races, thereby reducing its revenues. The statute, argued plaintiff, violated the United States Constitution since it did not apply to other counties having more than one horse racing track.
 
 
 3
 According to the district court, the same parties were then litigating essentially the same questions in Kentucky courts. Prior to the filing of this action in the district court, the state trial court, relying primarily upon the Kentucky Constitution, had upheld the validity of the statute. It dismissed the federal constitutional claim as being "without merit". The district court noted that the case was then pending before the state court of appeals, but nevertheless determined that the complaint was barred under the doctrine of res judicata.
 
 
 4
 We are advised by the parties that the Kentucky Court of Appeals has since reversed the state trial court, and that a motion for discretionary review is pending before the Kentucky Supreme Court. The basis for the court of appeals' decision was, of course, not before the district court, nor is it before us. In view of these changed circumstances, we are unable to say whether res judicata remains a proper basis for the district court's judgment. Accordingly, we must vacate the order granting summary judgment and remand this cause to the district court in order that it may consider the changed circumstances, and in that light re-examine the continuing viability of res judicata as a bar to plaintiff's action, and explore the advisability of abstention.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge from the Eastern District of Michigan, sitting by designation